GEORGE A. FULLER COMPANY *et al.* *v.* RAYMOND MANCINI.

JULY 16, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is a proceeding under the workmen's compensation act, general laws 1938, chapter 300. It was heard in the superior court on the petitioners' motion to strike from the record the respondent's claim of appeal from a decision of that court in such proceeding. The cause is before us on respondent's appeal from the entry of a decree granting the above motion.

It appears that on July 22, 1946 a justice of the superior court, after a previous hearing, filed a decision providing that within a specified time the respondent should submit to a certain curative operation and, if he failed so to do, the compensation which was being paid him should terminate. On August 6, 1946 a decree was entered in that court in accordance with the decision. On August 13, 1946 the respondent filed his claim of appeal from the entry of said decree, and October 14, 1946 was fixed as the date for filing in the superior court his reasons of appeal and a transcript of the testimony. On August 27, 1946 the respondent's attorney received the transcript from the court stenographer, and on October 14, 1946 the time for filing the reasons of appeal and the transcript was extended to October 21, 1946. No further extension was obtained by the respondent. No rea-

sons of appeal from the above decision were ever filed in the superior court and the transcript of the testimony was not filed until March 29, 1947, which was subsequent to the filing, hearing and determination of the motion which is the subject of this present appeal.

On December 11, 1946 the petitioners filed such motion in the superior court in the following form: "Now come the petitioners in the above entitled cause and move to strike the respondent's claim of appeal from the papers and records in this cause." This motion was heard and granted by a justice thereof on January 27, 1947, and a decree to that effect was entered forthwith. The instant appeal was thereafter duly taken by the respondent.

The petitioners contend in substance that, in granting their above motion, the superior court acted in accordance with the proven facts and without error of law and that the present appeal should be dismissed. On the other hand respondent argues that, assuming the motion in question to be proper, in the circumstances it was error for the superior court to grant it.

In perfecting an appeal from the superior court to this court in a workmen's compensation proceeding the statute, G. L. 1938, chap. 300, art. III, §7, provides in part for the following steps: "(a) Within 10 days after the entry of said final decree he shall file a claim of appeal, and, if transcript of the testimony and rulings or any part thereof be desired, a written request therefor. (b) Within such time as the justice of the superior court who heard the petition, or, in case of his inability to act from any cause, within such time as any other justice thereof shall fix, whether by original fixing of the time, or by extension thereof, or by a new fixing after any expiration thereof, the appellant shall file reasons of appeal stating specifically all the questions of law or equity decided adversely to him which he desires to include in his reasons of appeal, together with a transcript of as much of the testimony and rulings as may be required."

Section 8 of art. III reads as follows: "The claim of an

appeal shall suspend the operation of the decree appealed from, but, in case of default in taking the procedure required, such suspension shall cease, and the superior court upon motion of any party shall proceed as if no claim of appeal had been made, unless it be made to appear to the superior court that the default no longer exists."

This last section clearly contemplates that, if there is default in the required appellate procedure, that is to say, before the cause and its papers are actually certified to this court, the superior court retains jurisdiction of the cause and upon motion of any party may proceed as if no claim of appeal had been made. The nature of such a motion is not specifically set out in the statute. Its form may depend upon existing conditions. In the instant cause the petitioners evidently desired, in view of the respondent's default, to clear from the record the incomplete appeal and thus formally close the litigation. The form of their motion, which was to strike the respondent's appeal from the record, is questionable. It would appear that where the cause is still in the trial court, and the appeal has not been perfected, the motion is ordinarily made in that court to dismiss the appeal. See 4 C. J. S. 1940, §1348.

In the circumstances appearing here we are of the opinion that we should treat the motion as one in the nature of a motion to dismiss the respondent's incomplete appeal, since that was its real purpose. It clearly is not in the nature of a motion to strike out an essential pleading in the cause, and therefore should not be confused with the motion to strike out an amended bill of complaint, which we had occasion to discuss at length recently in *Solomon* v. *Siperstein*, 73 R. I. 65, and cases cited therein.

Considering the motion as one to dismiss, we find that the trial justice was justified in granting the petitioners' motion and that his action in so doing was without error. It appears that the last date fixed by the superior court for the filing of the respondent's reasons of appeal and transcript, in connection with his appeal from the decree of that

court in relation to his submission to an operation,
tober 21, 1946. No extension of time for so filing
mally requested or ever obtained by him and he di
the reasons and transcript within the time as fix
parently the only reason ever advanced by respon
torney as an excuse for the omission to file withj
called for was that the respondent was trying t
his mind to be operated upon, and that he is nov
willing to submit to the operation. In answer t
from the superior court as to whether or not the
legal reason why the appeal was not perfected the respond-
ent's attorney answered: "No, Your Honor."

The respondent argues that if the present appeal is dis-
missed the motion to strike out reverts to the date of the
filing of the claim of appeal and the parties are placed where
they stood at the time of such filing. This argument may
possibly have some bearing on the question of when com-
pensation payments should cease and who should pay the
expense of the operation, if performed. We do not consider
that these matters are before us on the instant appeal and
we do not pass upon them. In these respects the parties
are left to a future determination of their rights, if any they
have.

The respondent's appeal is denied and dismissed, the de-
cree appealed from is affirmed, and the cause is remanded to
the superior court for further proceedings.

*Hinckley, Allen, Tillinghast & Wheeler, Harold A. An-
drews,* for petitioners.

*Vincent A. D'Atri,* for respondent.